## Commerce Vault Company v. Thomas E. Barrett, Sheriff.

### Gen. No. 11,986.

1. EXECUTION—*money in hands of sheriff subject to levy of.*  Money in the hands of a sheriff belonging to the execution debtor which has come into the hands of such sheriff as the result of a sale under an execution in favor of such execution debtor, is subject to an execution against him.

Garnishment proceeding.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1904.  Affirmed.  Opinion filed November 14, 1905.    *

ALBERT MARTIN, for appellant.

SEYMOUR EDGERTON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court in favor of the sheriff of Cook county as garnishee. The facts are substantially as follows: The sheriff received certain money from a redemption sale of property sold under a foreclosure proceeding against the Commerce Vault Company and subsequently redeemed from the master's sale by a judgment creditor of the mortgage debtor. The sale under the execution of the redeeming judgment creditor produced a surplus which remained in the sheriff's hands after payment of the redemption money and after full satisfaction, with interest and costs, of the execution. This surplus amounting to $17,964.96 would have gone in the ordinary course to the Commerce Vault Company, the mortgage and execution debtor, nominal appellant herein; but at the time of the redemption sale, November 24, 1903, there were in the sheriff's hands two executions against said Commerce Vault Company, received by him respectively October 26, and October 29, 1903, prior to the commencement of the garnishment proceedings in December following.

It is contended in behalf of appellant that the surplus money in controversy when it came into the hands of the sheriff was not subject to the lien of the executions which he then held, nor to levy and sale; that it is not to be regarded as in the custody of the law and was, therefore, subject to the garnishment proceeding instituted by appellant. The statute provides (R. S., chap. 77, sec. 9,) that the sheriff shall indorse on the back of a writ of execution the time when he received it for the better manifestation of the time when the execution becomes effective to bind personal property; and in addition to real estate, goods and chattels made liable to execution in section 10 of said chapter, it is specially provided (sections 41 and 42) not only that "current gold or silver coin or other legal tender" may be taken on execution and paid over to the creditor as money collected, but that bank bills and other evidence of debt circulated as money may be so taken and paid over

as money collected to the creditor if he chooses to receive them. Thus, by statute, money as well as chattels is made subject to seizure under execution. The argument of appellant's attorney is that the surplus was held by the sheriff as trustee, not strictly in the custody of the law, but as money had and received to the use of the defendant in the execution; that it could not be applied by him on executions nor in any other way except in payment to said execution defendant, and that to recover it from the sheriff a judgment creditor must proceed in an action for money had and received or by garnishment in the method pursued by appellant in this case. Under the provisions of our statute above referred to, cases cited from other states to the effect that a levy upon money collected by and in the hands of an officer on execution is not a levy on goods and chattels and cannot therefore be sustained, are not applicable. Here, in addition to goods and chattels, current coin or other legal tender and bills circulating as money "may be taken on execution." In this respect the common law rule under which "notes, accounts and choses in action generally could not be taken on execution" has been changed by the statute. Crawford v. Schmitz, 139 Ill. 564-569. In Leach v. Pine, 41 Ill. 65-71, it is said that "when a sheriff has in his hands an execution and levies upon property and reduces it into possession he then has it in the custody of the law, and it is not essential to the lien of other executions in his hands at the time or subsequently received that they should be levied;" that the first execution justifies the seizure of the property and when that is satisfied or otherwise discharged, the subsequent executions authorize and require him to retain and sell it for their satisfaction; that having already seized the property when he made the levy the sheriff is unable to do so again while it is in his possession; that the seizing of the property and reducing it to possession is the levy, "and the indorsement is only the evidence of the fact."

The surplus money in controversy having come into the sheriff's hands as the result of a sale under an execution,

and such money being by the statute subject to execution like chattels, and having been set apart and held by him under subsequent executions, was in the custody of the law, and it was not essential to the lien of such executions that there should be a formal levy. It was the duty of the sheriff to apply it on the executions and no levy was necessary. Walton v. Compton, 28 Texas, 569–575. By reason of the executions in his hands the sheriff's liability to the execution debtor was changed from personal to official. He became custodian under the execution and held the money as an officer of the law not liable to be charged on a garnishee process. Weaver v. Davis, 47 Ill. 235–237. It is expressly held in Lightner v. Steinagel, 33 Ill. 503, that the sheriff is not liable under the attachment laws of the state to a garnishee process for moneys collected by him as sheriff, the money in that case having been paid to him for the purpose of redeeming a tract of land from a former sale on execution.

For the reasons indicated the judgment of the Circuit Court will be affirmed.

*Affirmed.*